UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VALIN C. PENNEWELL,

    Petitioner,

v.

ERIC ARNOLD, Warden,[1]

    Respondent.

Case No. 16-cv-01057 EDL (PR)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL**

Petitioner, a California state prisoner proceeding *pro se*, filed federal petition for writ of habeas corpus, under 28 U.S.C. § 2254.[2] Petitioner's certificate of funds in his prison account shows that he had $91.05 in his account to his credit. Accordingly, petitioner's motion to proceed in forma pauperis is DENIED. For the reasons stated below, the instant petition is DISMISSED without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

---

[1] Petitioner initially named "Attorney General" as the respondent in this case. However, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Eric Arnold, the current warden of California State Prison – Solano, the institution in which petitioner is currently housed, is substituted as the proper respondent.

[2] Petitioner has consented to magistrate judge jurisdiction. (Docket No. 3.)

Case No. 16-cv-01057 EDL (PR)
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

1

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition.

Here, the instant petition is not petitioner's first federal habeas petition concerning his 1996 criminal judgment from the Alameda County Superior Court. In the underlying petition, petitioner appears to be challenging the federal court's previous dismissal of his case based on a failure to exhaust.

Petitioner has filed at least two previous federal habeas petitions, challenging his 1996 criminal convictions and judgment from the Alameda County Superior Court. First, in *Pennewell v. Castro*, Case No. 00-cv-1252 EDL (PR) (N.D. Cal. dismissed May 4, 2001), the court dismissed petitioner's federal habeas petition for failing to exhaust his state court remedies. Then, in *Pennewell v. Runnels*, Case No. 03-cv-01807 JW (PR) (N.D. Cal. dismissed Feb. 1. 2007), the court dismissed petitioner's federal habeas petition as untimely. Because Section 2244 applies when a previous petition was dismissed as barred by the statute of limitations, *see McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009), petitioner must first obtain an order from the court of appeals authorizing the district court to consider the petition before he may file such a petition in the district court, *see* 28 U.S.C. § 2244(b)(3)(A). There is no indication that the Ninth Circuit Court of Appeals has authorized this court to consider any new claims. *See id.* This court must dismiss the instant petition in its entirety. *See id.*

## CONCLUSION

The instant habeas petition is DISMISSED without prejudice to refiling if petitioner

Case No. 16-cv-01057 EDL (PR)
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

obtains the necessary order. The clerk shall terminate any pending motions and close the file.

Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: May 25, 2016

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Case No. 16-cv-01057 EDL (PR)
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL

3